UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMAA J. COX, | ) | CASE NO. 1:23-CV-1976 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| BANK OF AMERICA, N.A., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

Plaintiff Jamaa J. Cox alleges that Defendant Bank of America, N.A. ("BANA") violated the Truth in Lending Act ("TILA") and the Uniform Commercial Code ("UCC").[1] (Doc. 1.) BANA moved to dismiss for failure to state a claim. (Doc. No. 9.) For the reasons set forth herein, the motion to dismiss is GRANTED.

## I. STATEMENT OF THE FACTS

The factual allegations in Plaintiff's complaint are set forth below. These facts are assumed to be true and construed in Plaintiff's favor. *See Strayhorn v. Wyeth Pharms., Inc.*, 737 F.3d 378, 387 (6th Cir. 2013); *Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013) (quoting *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001)).

> 4. On 3/30/2023, the Plaintiff and the Defendant entered into a retail installment contract, which constituted an auto loan for the Plaintiff to purchase a vehicle.
>
> 5. Despite UCC9-203 outlining the requirements for the attachment of a security interest and UCC 9-310 mandating the filing of a financing statement for the perfection of the security interest, the Defendant failed to satisfy these requirements. Specifically, the Defendant neglected to include the note, the evidence of debt, in the security agreement and did

[1] The proper party is "Bank of America, N.A.," not "Bank of America" as alleged in the complaint. (*See* Doc. No. 1.) BANA owns and services the loan at issue in this litigation. (Doc. 9-1, at 57 n.1.)

not file a financing statement, thus failing to perfect the security interest correctly.

6. Without informing or gaining the consent of the Plaintiff, the Defendant initiated a securitization process, which involved the sale of the loan note. This process effectively converted the Plaintiff's loan into an asset-backed security.

7. The Plaintiff demands that the Defendant produce the original note, demonstrating that it has not been securitized.

(Doc. No. 1 at 1, ¶¶ 4-7.)[2]

Attached to the complaint is an unsigned "Affidavit of Truth," which does not include any additional factual assertions.[3] (Doc. No. 1-2.) Instead, the affidavit sets forth legal arguments and definitions from Blacks Law Dictionary, 6th Ed. (*Id*. at 8.) The affidavit concludes with two questions: "Do you have the original security agreement/promissory note (negotiable instrument) in your possession to enforce the instruments to seek payments of a debt? Can you provide that you did not discharge all debts by destroying the notice by way of securitization?" (*Id*.)[4]

## II. PROCEDURAL HISTORY

On October 10, 2023, Plaintiff initiated this action *pro se*. (Doc. No. 1.) On November 20, 2023, Defendant filed its motion to dismiss for failure to state a claim pursuant to Rule

---

[2] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

[3] Also attached was the Affidavit of Jamaa J. Cox. This affidavit does not contain new factual assertions, save that Plaintiff is the Executor and the principal amount of the loan was $52,742.68. (Doc. No. 1-1, ¶ 1.)

[4] On November 3, 2023, Plaintiff filed a supplement to the Complaint which includes, correspondence with Defendant's counsel, a receipt for postage, a copy of a decision by the Oklahoma Supreme Court, and a copy of a simple interest loan note, disclosure and security agreement between BANA and Plaintiff. (Doc. Nos. 5, 5-1, 5-2, 5-3, 5-4.)

12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 9.) Pursuant to Local Rule 7.1, Plaintiff was to respond within thirty (30) days.

On November 29, 2023, Plaintiff filed a document titled "Answer to Bank of America, N.A. (BANA) Motion to Dismiss." (Doc. No. 10.) Despite its title, this filing does not address the arguments in Defendant's motion to dismiss. Instead, it restates Plaintiff's allegations that BANA violated TILA. (*See id.* at 64, ¶¶ 7-8.) Plaintiff does not restate her UCC claims but includes counts for declaratory relief and injunctive relief for the first time. (*Id.* ¶¶ 9-12.)

On January 4, 2024, Plaintiff filed a Notice to Principal. (Doc. No. 11.) The notice states that Plaintiff "do[es] not wish to argue any of the facts nor challenge the public debt of the de-facto government." (*Id*. at 67.) The notice contains several assertions and demands, but it does not address Defendant's assertions that the complaint is both factually and legal deficient.

## III. LEGAL ANALYSIS

### A. Legal Standard

When addressing a motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *United States ex rel. Ibanez v. Bristol-Myers Squibb Co.*, 874 F.3d 905, 914 (6th Cir. 2017); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The sufficiency of the complaint is tested against the notice pleading requirement that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Although this standard is a liberal one, a complaint must still provide the defendant with "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true," to state a plausible claim. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Facial plausibility requires the plaintiff to "plead[] factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Twombly*, 550 U.S. at 556). "[L]abels and conclusions, [or] a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. Much the same, "[c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Bishop v. Lucent Techs., Inc*., 520 F.3d 516, 519 (6th Cir. 2008).

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however unartfully pleaded, must be held to a less stringent standard that formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But such lenient treatment "has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). In the end, a *pro se* plaintiff's complaint "must still contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

**B. Plaintiff's Failure to Oppose the Motion to Dismiss**

A plaintiff's failure to respond is a waiver of any opposition to a defendant's motion to dismiss. *See Humphrey v. U.S. Attorney Gen.'s Office*, 279 Fed. Appx. 328, 331 (6th Cir. 2008) (failure to oppose arguments raised in a motion to dismiss is sufficient grounds for the district court to find that opposition is waived); *see also Scott v. Tennessee*, 878 F.2d 382 (6th Cir. 1989) ("[I]f a plaintiff fails to respond or otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion."); *Pollard v. Phillips*, No. 4:20-

cv-01868, 2022 WL 4017472, at *3 (N.D. Ohio Sept. 2, 2022) ("When a plaintiff fails to respond in an opposition brief to arguments in a defendant's motion to dismiss, the plaintiff has waived his opposition to dismissal of the claim.") (internal quotations omitted) (vacated on other grounds). *Pro se* litigants must "make some effort at argumentation or presentation of the facts" or be deemed to have waived opposition. *Weatherby v. Fed. Express*, 454 Fed. Appx. 480, 490 (6th Cir. 2012); *see also Notredan, L.L.C. v. Old Republic Exch. Facilitator Co.*, 531 Fed. Appx. 567, 569 (6 Cir. 2013) (failure to respond to a motion to dismiss is a waiver and an independent basis on which the district court may grant the motion).

Plaintiff's failure to oppose the arguments in the motion to dismiss is an independent basis on which this Court may grant the motion and dismiss this case. Notwithstanding, the Court will address Plaintiff's causes of action in turn.

**C. Truth in Lending Act Claim**

"[T]he purpose of [TILA is] to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601. Failure to abide by disclosure requirements established in TILA may subject a creditor to civil liability. 15 U.S.C § 1640.

15 U.S.C. § 1638(a) contains substantive requirements of the creditor's disclosures, while 15 U.S.C. § 1638(b) contains the form and timing of those disclosures. The mandated disclosures must be made before the consummation of the transaction. 12 C.F.R. § 226.17(b).

Plaintiff alleges that Defendant neglected to include the note in the security agreement and did not file a financing statement, thus failing to perfect the security interest correctly. (Doc. No. 1 at 1, ¶ 5.) Even construing these allegations in Plaintiff's favor, they do not amount to an

allegation that the amount financed was not provided, nor that any other mandatory disclosure was not properly or timely submitted.

The only reasonable inference to be drawn from the complaint's allegations is that the failure to submit a note and/or file a financing statement means that BANA did not perfect its security interest (or it destroyed it through later securitization). As BANA noted in its motion, securitization does not, as a matter of law, render a loan unenforceable, nor does it eliminate a borrower's obligation to pay back the loan. *See Samples v. Bank of Am., N.A.*, No. 3-12-cv-44, 2012 WL 1309135, at *3-5 (E.D. Tenn. Apr. 16, 2012). Securitization simply creates "a separate contract, distinct from Plaintiffs' debt obligations under the reference credit (i.e. the Note)." *Dauenhauer v. Bank of N.Y. Mellon*, 562 Fed. Appx. 473, 480 (6th Cir. 2014) (quoting *Larota-Florez v. Goldman Sachs Mortg. Co*., 719 F.Supp.2d 636, 642 (E.D. Va. 2010)).

Accordingly, Plaintiff's claim that BANA violated the TILA fails as a matter of law.

**D. Violations of the Uniform Commercial Code**

While Plaintiff seems to assert two separate causes of action under the UCC (*see* Doc. No. 1 at 2, ¶¶ 9-10), the allegation similarly rests on the "securitization" of a vehicle loan. Again, "securitization alone does not render a note or deed of trust unenforceable and does not alter a borrower's obligation to pay back his loan." *Id.* (citing *Samples*, 2012 WL 1309135, at *3-5) (concluding the assertion that a deed of trust was defective if severed from a note was without merit).

Accordingly, Plaintiff's claims that BANA violated the UCC fail as a matter of law.

## IV. CONCLUSION

For all these reasons, the Court finds that Plaintiff has failed to state a claim. The Court therefore GRANTS Defendant's motion to dismiss (Doc. No. 9) and DISMISSES this action with prejudice.

**IT IS SO ORDERED.**

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE

**Date**: June 21, 2024